UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | REPORT AND RECOMMENDATION |
| | ) | |
| V. | ) | |
| | ) | CASE NO. 2:05-cr-120 |
| CAMILLE G. WALKING EAGLE | ) | |

An August 22, 2006 petition alleging violation of conditions of probation was referred to this Court for hearing, and for preparation of this Report and Recommendation. This Court held a hearing on August 25, 2006. At the hearing, Camille G. Walking Eagle admitted that she had violated conditions of probation, and stated no objection to the government's recommendation for disposition.

**FACTS**

The original offense arose in the Western District of Missouri, and the matter was transferred here pursuant to Fed. R. Crim. Pro. 20. The original offense was driving under the influence of alcohol on a military installation. While on pretrial release, Ms. Walking Eagle completed the Spirit Lake Recovery and Wellness treatment program.

On March 1, 2006, following her admission to the original charge, Ms. Walking Eagle was sentenced to a term of probation of three years. Special conditions of probation included a six month placement at Lake Region Law Enforcement Center, though

1

after 90 days of that placement was completed, the supervising officer was given discretion regarding placement in a residential treatment program.  Special conditions also prohibited any use of alcohol or controlled substances, and required completion of 40 hours of community service.

When Ms. Walking Eagle first reported to LRLEC, testing showed she had consumed alcohol.  She denied alcohol use, and the supervising probation officer filed a petition on March 7th, and arranged for evaluation at Lake Region Human Service Center.  LRHSC staff recommended an intensive outpatient treatment program, with continued residence at LRLEC.  Ms. Walking Eagle began the LRHSC treatment program on April 24, 2006.

Soon after starting the LRHSC program, Ms. Walking Eagle was discharged from the program for a rules violation, but was eligible for re-entry to the program in thirty days.  On June 22, 2006, the District Judge held a hearing on the March 7th petition, and ordered continued placement at LRLEC, with return to the LRHSC treatment program at the earliest opportunity.

Ms. Walking Eagle completed the LRHSC treatment program on July 26, 2006, and began an aftercare program there.  Ms. Walking Eagle became eligible for work release, and for passes to spend time with family.  Ms. Walking Eagle's first 24 hour pass was granted for August 19th and 20th.  When she returned,

she tested positive for alcohol. After initial denials, she admitted to the supervising probation officer that she had consumed alcohol while on the pass.

At the hearing, Ms. Walking Eagle admitted she had violated conditions of probation. The pending petition, in addition to charging use of alcohol, charges Ms. Walking Eagle returned late from the pass on August 20th. At the hearing, Ms. Walking Eagle denied a late return, and described that she was present at LRLEC before the appointed return time, but that LRLEC staff did not process her back into the facility before that time.

Pending a decision on the petition, Ms. Walking Eagle remains in the LRLEC placement.

### PARTIES' POSITIONS ON DISPOSITION

The government asks that Ms. Walking Eagle's probation be revoked, and that she be ordered to serve a term of six months in custody, with no additional period of supervision following completion of the term of custody. Ms. Walking Eagle does not object to the custody term, provided no term of supervised release is required after completion of the term of custody. Ms. Walking Eagle has stated to the supervising probation officer that she is not interested in returning to a treatment program at this time.

**POLICY STATEMENTS OF SENTENCING GUIDELINES**

Ms. Walking Eagle was in Criminal History Category II at the time sentence was imposed, and the violation to which she has admitted is of Grade C.  The policy statements of the sentencing guidelines recommend a sentence of four to ten months when supervision is revoked under those circumstances.

**DISCUSSION**

In light of Ms. Walking Eagle's disinterest in further addressing her substance abuse issues at this time, any sanction short of a term of custody appears to be futile.  The length of custody which the government has recommended is in the mid-range of the guidelines' policy statements, and appears appropriate.

**RECOMMENDATION**

This Court recommends that the District Judge find Camille Walking Eagle violated conditions of probation by consuming alcohol while on a pass from LRLEC on August 19-20, 2006.  This Court further recommends that Ms. Walking Eagle's probation be revoked, and that she be ordered to serve a term of confinement of six months, with no supervised release following the term of confinement.

**OPPORTUNITY FOR OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommended disposition within ten

days after being served with a copy of this Report and Recommendation.

Dated this 30th day of August, 2006.

/s/ Alice R. Senechal
_____
Alice R. Senechal
U.S. Magistrate Judge